ORIGINAL



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 17 2013  3:05
CLERK, U.S. DISTRICT COURT
By _____
            Deputy

### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | |
|---|---|
| JULIEANN MCNAMEE, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>VERIZON WIRELESS (VAW) L.L.C., VERIZON WIRELESS TEXAS, L.L.C., CELLULAR SALES OF TEXAS, LLC,<br><br>        Defendants. | Cause No. 4:13-cv-741-A |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff Julieann McNamee ("McNamee"), complaining of and against Cellular Sales of Texas, LLC ("Cellular Sales"), alleges as follows:

## INTRODUCTION

1. Cellular Sales is a private entity covered by Title III of the Americans with Disabilities Act ("ADA") and Sections 121.002 and 121.004 of the Texas Human Resources Code ("THRC"), which owned, leased, and/or operated a place of public accommodation—the Verizon store located at 501 Boyd Road, Azle, Texas 76020 (the "Store").

2. Plaintiff Julieann McNamee is a qualified person with a disability within the meaning of the ADA, the ADA Amendments Act of 2008 and the THRC.

3. Ms. McNamee has been medically diagnosed with brain trauma, Post-Traumatic Stress Disorder, bipolar disorder, and a spinal condition, conditions which separately and collectively substantially impair one or more major life activities.

4. In light of Ms. McNamee's disabilities, her treating physicians prescribed her the use of a service dog to assist her in her daily life and tasks. Ms. McNamee has her service dog wear clear and obvious labels unmistakably identifying it as a service dog for the disabled.

5. On or about February 26, 2013, Ms. McNamee entered into the Store to purchase two Subscriber Identity Module ("SIM") cards. She brought her service dog with her to assist her. She maintained appropriate control over her service dog at all times.

6. Employees at the Store not only refused to serve Ms. McNamee because of the presence of the service dog, but one became enraged and smashed Ms. McNamee's cellular telephone onto a table, thus destroying it and destroying irreplaceable pictures of family members, her dog, and others contained solely in the telephone.

7. Cellular Sales employees at the Store intensified Ms. McNamee's severe emotional distress arising from this incident by further insulting her on the basis of her disability and refusing to take any measures to remedy the damage they caused.

8. On this basis, Ms. McNamee brings this lawsuit under Title III of the Americans with Disabilities Act on behalf of herself and others similarly situated individuals seeking injunctive relief against Cellular Sales for the purpose of enjoining Cellular Sales to train store employees not to discriminate against the disabled and not to refuse to serve them when accompanied by service dogs.

9. Ms. McNamee also brings this lawsuit against Cellular Sales under Sections 121.002 through 121.004 of the Texas Human Resources Code for damages for the deprivation of her civil liberties and asserts claims for intentional infliction of emotional distress and conversion.

## PARTIES

10. Plaintiff Julieann McNamee is an individual with a disability who resides in Tarrant County.

11. Defendant Cellular Sales of Texas, LLC, is a Texas corporation operating Verizon Wireless stores in Texas.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the Constitution and laws of the United States.

13. Plaintiff's discrimination claims are brought pursuant to 42 U.S.C. § 12182, *et seq.* and Sections 121.002 through 121.004 of the THRC. Plaintiff also asserts claims for

intentional infliction of emotional distress and conversion. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

14. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## BACKGROUND FACTS

### I. Julieann McNamee and Her Medical Condition.

15. Ms. McNamee has been diagnosed by physicians with brain trauma, Post-Traumatic Stress Disorder, bipolar disorder, and a spinal condition, conditions which separately and collectively substantially impair one or more major life activities.

16. Ms. McNamee thus is and has at all times relevant to this litigation been a qualified individual with a disability for purposes of Title III of the ADA, the ADA Amendments Act of 2008 and a person with a disability for purposes of Sections 121.002 through 121.004 of the THRC.

### II. Ms. McNamee's Service Dog.

17. In light of Ms. McNamee's disabilities, physicians have prescribed her a service dog to assist her with her daily life and tasks.

18. Ms. McNamee has registered this service dog with the United States Department of Justice. Ms. McNamee also carries a letter from her psychologist concerning the necessity of the service dog. This letter is dated December 18, 2012.

19. Ms. McNamee has her service dog wear clear and obvious labels identifying it unmistakably as a service dog at all times in which the service dog assists her in public.

### III. Cellular Sales' Discrimination Against Ms. McNamee.

4

20. On or about February 26, 2013, Ms. McNamee entered the Store for the purpose of purchasing two SIM cards. Her service dog accompanied her, wearing labels unmistakably identifying it as such. She maintained appropriate control over her service dog at all times.

21. Instead of allowing Ms. McNamee to purchase the two SIM cards, however, an employee at the Store refused her service altogether in light of the presence of her service dog, demanding that she take the service dog out of the Store.

22. When Ms. McNamee advised the employee of her rights in this regard, the employee became enraged, screamed at Ms. McNamee to "get the hell out" and to go to a different Verizon store in the future, and violently slammed Ms. McNamee's cellular telephone onto a table, destroying the telephone and, along with it, numerous irreplaceable pictures of family members, her dog, and others contained solely in the telephone.

23. In fact, Ms. McNamee lost, for example, all photographs taken of her grandson during the only trip her grandson had ever taken to visit Ms. McNamee in Texas. These photographs had inestimable value to Ms. McNamee.

24. On the instructions of personnel contacted through a toll-free Verizon customer service telephone number, Ms. McNamee went back to the Store to get a replacement cellular telephone. However, another employee at the Store refused to provide the replacement telephone, observed that "they just give out service dogs to anyone," said other insulting things about Ms. McNamee and her disability, ordered Ms. McNamee out of the Store, and indicated to Ms. McNamee that she could not come back to the Store without an appointment.

### IV. Class Allegations.

25. Plaintiff brings her second cause of action as a statewide class action claim pursuant to Fed. R. Civ. P. 23(b)(2) as representative of a proposed Plaintiff class of individuals

with disabilities who own or use registered service dogs, who use Verizon wireless services, and who have sought or will seek assistance in Cellular Sales-operated stores in connection with their use or intended use of such services.

26.     The Plaintiff Class is numerous and joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class contains over 500 members even without including future entrants. Plaintiff calculates this number by multiplying a conservatively estimated number of disabled owners or users of service dogs in the United States (20,000) by the approximate percentage of the population of the United States living in Texas (8.3%) by the conservatively estimated cellular telephone penetration percentage in the United States (91%) by the approximate Verizon market share in wireless services (33.7%). As Cellular Sales operates the Verizon stores in Texas, this figure appears to provide a close approximation of the number of unnamed class members.

27.     Questions of law and fact common to the Plaintiff Class as a whole include, but are not limited to, the following:

    a.     Whether Cellular Sales has trained its employees not to discriminate against disabled individuals who require service dogs for assistance;

    b.     Whether Cellular Sales has implemented appropriate policies to ensure that disabled individuals who require service dogs for assistance do not suffer discrimination at the hands of Cellular Sales employees.

28.     Plaintiff and members of the Plaintiff Class are similarly situated and the claims of Plaintiff are typical of those of the members of the Plaintiff Class.

29. Plaintiff will fairly and adequately represent and protect the interests of the members of the Plaintiff Class. Plaintiff has retained counsel who are competent and experienced in complex class actions and in Americans with Disabilities Act litigation.

30. Class certification of Plaintiff's second cause of action is appropriate under Fed. R. Civ. P. 23(b)(2) because Cellular Sales has acted or refused to act on grounds that apply generally to the Plaintiff Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

## COUNT I:
## VIOLATIONS OF THE ADA
(Individual and Classwide Injunctive Relief Sought)

31. Plaintiff incorporates by reference paragraphs 1-30 as set forth above.

32. Ms. McNamee is a qualified person with a disability for purposes of the Americans with Disabilities Act.

33. Cellular Sales' Store is a place of public accommodation and Cellular Sales operates the Store.

34. By refusing to serve Ms. McNamee because of the presence of her service dog, Cellular Sales discriminated against Ms. McNamee on the basis of her disability. By not training its employees to include disabled individuals such as Ms. McNamee within the scope of their service, Cellular Sales further discriminated against Ms. McNamee and other disabled individuals on the basis of their disabilities.

35. Ms. McNamee seeks to represent a class of individuals with disabilities who own or use registered service dogs, who use Verizon wireless services, and who have sought or will seek assistance in Cellular Sales-operated stores in connection with their use or intended use of

such services. Ms. McNamee seeks injunctive relief on behalf not only of herself but of this class.

36. Cellular Sales has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the class as a whole, because Cellular Sales has failed to train its employees not to discriminate against disabled individuals who require service dogs for assistance and has failed to implement appropriate policies to ensure that disabled individuals who require service dogs for assistance do not suffer discrimination at the hands of Cellular Sales employees.

37. Plaintiff and other members of the class will likely suffer irreparable harm in the absence of injunctive relief as they likely will continue to face discriminatory treatment at the hands of Cellular Sales employees.

38. An injunction is in the public interest as it is in the public interest for Cellular Sales employees not to discriminate against the disabled.

## COUNT II:
## VIOLATIONS OF SECTIONS 121.002 and 121.004 OF THE THRC
(Damages Sought)

39. Plaintiff incorporates by reference paragraphs 1-38 as set forth above.

40. Ms. McNamee is a person with a disability for purposes of Sections 121.002 through 121.004 of the THRC, having both mental and physical disabilities.

41. Ms. McNamee has a long record of disability in that physicians have recognized and treated her disability for years.

42. In light of Ms. McNamee's disabilities, her treating physicians prescribed her the use of a service dog to assist her in her daily life and tasks. Ms. McNamee has her service dog wear clear and obvious labels unmistakably identifying it as a service dog for the disabled.

Therefore, her service dog is covered under the service dog definition in Sections 121.002 through 121.004 of the THRC. Ms. McNamee kept control of her service dog at all times relevant to the allegations in this Complaint.

43. Cellular Sales is a private entity covered by Sections 121.002 through 121.004 of the THRC which owned, leased, and/or operated a public facility—the Store.

44. Cellular Sales discriminated against Ms. McNamee on the basis of her disability by refusing to serve her because of the presence of her service dog, despite the clear and obvious labels identifying it as a service dog for the disabled.

45. As part of this discriminatory behavior, Cellular Sales' employee ordered Ms. McNamee out of the Store and smashed her cellular telephone onto a table, destroying both the telephone itself and its invaluable contents. These actions constitute violations of Sections 121.002 through 121.004 of the THRC.

46. Another Cellular Sales employee refused to serve Ms. McNamee when she returned on Verizon instructions for a replacement telephone and once again identified the service dog as the grounds for the refusal. He also ordered Ms. McNamee out of the Store and indicated that she could not return without an appointment. These actions also constitute violations of Sections 121.002 through 121.004 of the THRC.

47. Cellular Sales' discriminatory actions caused Ms. McNamee substantial injury.

## COUNT III:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Damages Sought)

48. Plaintiff incorporates by reference paragraphs 1-47 as set forth above.

49. Cellular Sales employees intentionally or recklessly engaged in extreme and outrageous conduct during the course of their discriminatory activity against Ms. McNamee at the Store.

50. The conduct of Cellular Sales and its employees proximately caused Ms. McNamee severe emotional distress and caused her substantial injury as a result. Among other things, Ms. McNamee suffered extreme embarrassment, a nervous breakdown and severe mental anguish due to the conduct of Cellular Sales and its employees.

51. No alternative cause of action would provide a remedy for the severe emotional distress caused by Cellular Sales' conduct in this regard.

## COUNT IV:
## CONVERSION OF PROPERTY
(Damages Sought)

52. Plaintiff incorporates by reference paragraphs 1-51 as set forth above

53. Plaintiff owned a cellular telephone which was personal property and which she brought in to the Store for the purpose of purchasing two SIM cards.

54. Cellular Sales and its employees wrongfully exercised dominion or control over the cellular telephone by smashing it instead of providing service to Ms. McNamee and then returning the telephone to her intact.

55. By smashing the cellular telephone, Cellular Sales and its employees destroyed invaluable content in the telephone and otherwise caused Ms. McNamee substantial injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. That this Court award Plaintiff reasonable compensatory damages as well as exemplary damages;

B.  That this Court award Plaintiff her costs and fees, including reasonable attorneys' fees;

C.  That this Court enjoin Cellular Sales from failing to train its employees not to discriminate against disabled individuals who require service dogs for assistance and from failing to implement appropriate policies to ensure that disabled individuals who require service dogs for assistance do not suffer discrimination at the hands of Cellular Sales employees; and

D.  That this Court grant such additional relief as it deems equitable and just.

Dated: October 17, 2013

Respectfully Submitted,

*/s/ Mark Whitburn*

**Attorneys for Plaintiffs**

**Mark Whitburn**
Texas Bar No. 24042144
**Sean Pevsner**
Texas Bar No. 24079130
**Whitburn & Pevsner, PLLC**
2000 E. Lamar Blvd., Suite 600
Arlington, Texas 76006
Tel: (817) 592-3488
Fax: (512) 519-2098
mwhitburn@whitburnpevsner.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on counsel for Defendants on October 17, 2013, by certified mail, return receipt requested, as follows:

Larry Carbo
Kellen Scott
Chamberlain Hrdlicka
Two Allen Center
1200 Smith Street, Suite 1400
Houston, Texas 77002

_____
Mark Whitburn