U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN - 9 2014
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JULIEANN MCNAMEE, on behalf of herself and all others similarly situated, | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 4:13-CV-741-A |
| CELLULAR SALES OF TEXAS, LLC, | § § § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion to dismiss for failure to state a claim for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by defendant, Cellular Sales of Texas, LLC. Plaintiff, Julieann McNamee, filed a response, and defendant filed a reply. Having considered all of the parties' filings, plaintiff's first amended complaint, and the applicable legal authorities, the court concludes that the motion should be granted in part and denied in part.

I.

Background

Plaintiff initiated this action by the filing of an original complaint, followed by her first amended complaint.[1] The amended complaint alleged the following:

Plaintiff has been diagnosed with a number of conditions, including brain trauma, post-traumatic stress disorder, bipolar disorder, and a spinal condition. These conditions, separately and collectively, substantially impair one or more of plaintiff's major life activities. Consequently, plaintiff's physicians have prescribed a service dog to assist with her activities of daily living. Plaintiff has registered her service dog with the United States Department of Justice and carries a letter from her psychologist concerning her need for the service dog.

On or about February 26, 2013, plaintiff entered defendant's premises for the purpose of purchasing two SIM cards for a cellular telephone. Rather than allow plaintiff to purchase the SIM cards, one of defendant's employees refused service to plaintiff because of her service dog, demanding that plaintiff remove the dog from the store. When plaintiff advised the

---

[1] Plaintiff originally named Verizon Wireless (VAW) L.L.C. and Verizon Wireless Texas, L.L.C., as defendants. On October 17, 2013, plaintiff voluntarily dismissed both of these entities from this action, and on the same day, filed her first amended complaint, naming Cellular Sales of Texas, LLC, as the sole defendant.

employee of her right to have the service dog assist her,

> the employee became enraged, screamed at [plaintiff] to "get the hell out" and to go to a different Verizon store in the future, and violently slammed [plaintiff's] cellular telephone onto a table, destroying the telephone and, along with it, numerous irreplaceable pictures of family members, her dog, and others contained solely in the telephone.

Pl.'s First Am. Compl. at 5. The photographs lost as a result of the employee's actions included those taken of plaintiff's grandson during his only visit to plaintiff in Texas.

Plaintiff contacted Verizon customer service, and upon instructions from a Verizon representative, returned to defendant's store to obtain a replacement cellular telephone. However, another employee refused to provide plaintiff with the replacement telephone, stated "they just give out service dogs to anyone," and made other insults to plaintiff about her disability. Id. The employee ordered plaintiff to leave the store and not return without an appointment.

Plaintiff alleged claims and causes of action against defendant for: violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189; violations of sections 121.002 through 121.004 of the Texas Human Resources Code ("THRC"); intentional infliction of emotional distress; and, for conversion of property. The complaint also seeks class certification.

II.

## Grounds of Defendant's Motion

Defendant seeks dismissal of plaintiff's ADA claim because she has failed to allege sufficient facts to hold it liable for its employees' allegedly tortious conduct. Defendant contends dismissal is warranted as to plaintiff's claim for intentional infliction of emotional distress because: the gravamen of plaintiff's complaint is disability discrimination, for which there are statutory remedies, so the intentional infliction of emotional distress claim is barred; the allegations do not constitute extreme and outrageous conduct as a matter of law, plaintiff does not allege that defendant's employees intended to cause her severe emotional distress, and she alleges no facts to show she has suffered severe emotional distress. The motion to dismiss does not address the conversion claim.

III.

## Applicable Legal Principles

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."

4

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. at 678 (citing Twombly, 550 U.S. at 557). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

5

IV.

## Application of Law to Facts

A. Claims Under the ADA and THRC

The court concludes that the motion to dismiss should be denied as to plaintiff's claims under the ADA and THRC. Dismissal of such claims is more appropriately pursued through a motion for summary judgment.

B. Intentional Infliction of Emotional Distress

Defendant first challenges plaintiff's claim for intentional infliction of emotional distress on the grounds that such claim is barred because it is based on the same facts as her disability claims. In her response, plaintiff denies that the claims are based on the same set of facts, and she attempts to distinguish the relief she seeks through her disability claims versus her claim for intentional infliction of emotional distress. The court agrees with defendant.

It is now well-settled that intentional infliction of emotional distress is "a gap-filler tort," judicially created to allow recovery in the rare case where a defendant intentionally inflicts severe emotional distress in such an unusual manner that no other theory of recovery is available to the victim. Hoffmann-La Roche, Inc. v. Zeltwanger, 144 S.W.3d 438, 447 (Tex. 2004). The tort was created "to supplement existing forms of

6

recovery by providing a cause of action for egregious conduct that might otherwise go unremedied." Id. (internal quotation marks omitted). An intentional infliction of emotional distress claim is not available, however, where the underlying conduct is covered by another statutory scheme. "If the gravamen of a plaintiff's complaint is the type of wrong that the statutory remedy was meant to cover, a plaintiff cannot maintain an intentional infliction claim regardless of whether he or she succeeds on, or even makes, a statutory claim." Hoffmann-La Roche, 144 S.W.3d at 448. The availability of other remedies-- even if they do not explicitly preempt the tort-- "leaves no gap to fill." Creditwatch v. Jackson, 157 S.W.3d 814, 816 (Tex. 2005).

Here, the factual underpinnings of plaintiff's intentional infliction of emotional distress claim are the same as those underlying her statutory ADA and THRC claims. Although plaintiff in her response attempts to argue otherwise, the complaint speaks for itself: each of plaintiff's claims is based on the very same set of factual allegations. The complaint does not allege any conduct to support her intentional infliction of emotional distress claim that differs from that underlying her state and federal discrimination claims. Under these circumstances, plaintiff has statutory remedies under the ADA and THRC, leaving

7

no "gap" to fill, and plaintiff's intentional infliction of emotional distress claim is untenable as a matter of law.

\* \* \* \*

Because the court finds defendant's "gap-filler" argument dispositive of plaintiff's claim for intentional infliction of emotional distress, it need not reach the other grounds for dismissal of this claim raised in the motion to dismiss.

V.

Order

Therefore,

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted as to plaintiff's claim for intentional infliction of emotional distress, and be, and is hereby, denied as to her claims under the ADA and the THRC.

SIGNED January 9, 2014.

_____
JOHN McBRYDE
United States District Judge

8